E-FILED
Wednesday, 13 June, 2012   11:19:26 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| STATE OF ILLINOIS,        ) | |
| )       | |
| Plaintiff,   ) | |
| v.                        )  | Case No. 12-CV-2152 |
| )      | |
| AARON G. BLOCKER,         ) | |
| )       | |
| Defendant.    ) | |

## OPINION

The defendant, Aaron G. Blocker, has filed a pro se Notice of Removal (1) in an attempt to remove the criminal case pending against him in the Circuit Court of Champaign County to this court. This court concludes that the case must be remanded to state court.

## ANALYSIS

The applicable statute provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). The statute also provides that a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." 28 U.S.C. § 1455(b)(1). In addition, the statute states that the "district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the

court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In this case, a review of the documents filed by the defendant show that the defendant has omitted significant documents from the state court record, including a copy of the criminal charges against him. The defendant has therefore failed to comply with 28 U.S.C. § 1455(a). The defendant has filed a copy of the docket sheet from the criminal case against him. The docket sheet shows that the defendant was arraigned on the charges in August 2011. Therefore, the defendant's notice of removal is clearly untimely under 28 U.S.C. § 1455(b)(1). In addition, a review of all of the documents submitted by the defendant shows that the defendant's allegations are patently frivolous and that the defendant has alleged no cognizable basis for removal.

In sum, the defendant failed to comply with procedural and timeliness requirements for removal and has not alleged any cognizable basis for removal. Therefore, this court concludes that removal should not be permitted and summary remand must be ordered.

IT IS THEREFORE ORDERED THAT:

(1) On the court's own motion, this case is summarily remanded to the Circuit Court of Champaign County pursuant to 28 U.S.C. § 1455(b)(4).

(2) This case is terminated.

ENTERED this 13th day of June , 2012.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE